**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**
(State)

Case number (*if known*): ____________ Chapter 11

☐Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | |
|---|---|
| **1. Debtor's Name** | **Envigo Global Services Inc.** |
| **2. All other names debtor used in the last 8 years**<br>Include any assumed names, trade names, and *doing business as* names | **Covance Research Products, Inc.**<br>**Envigo Research Products, Inc.** |
| **3. Debtor's federal Employer Identification Number** (EIN) | **23-1886521** |
| **4. Debtor's address** | **Principal place of business**<br>**8520 Allison Pointe Blvd, Suite 400**<br>Number Street<br>**Indianapolis Indiana 46250**<br>City State Zip Code<br>**Marion**<br>County<br><br>**Mailing address, if different from principal place of business**<br>**2701 Kent Avenue**<br>Number Street<br>**West Lafayette Indiana 47906**<br>City State Zip Code<br><br>**Location of principal assets, if different from principal place of business**<br>Number Street<br>City State Zip Code |
| **5. Debtor's website** (URL) | **https://www.inotiv.com/** |
| **6. Type of debtor** | ☒Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐Partnership (excluding LLP)<br>☐Other. Specify: |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5417 (Scientific Research and Development Services)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
- ☒ A plan is being filed with this petition.
- ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
- ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the **Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11** (Official Form 201A) with this form.
- ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes District ________ When ________ (MM/DD/YYYY) Case number ________
District ________ When ________ (MM/DD/YYYY) Case number ________

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes Debtor **See Attached Rider 1** Relationship ________
District ________ When: ________ (MM / DD / YYYY)
Case number, if known ________

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

Number Street

City State Zip Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency

Contact name

Phone

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors***

***Consolidated for all Debtors.**

| | | |
|---|---|---|
| ☐1-49 | ☐1,000-5,000 | ☐25,001-50,000 |
| ☐50-99 | ☒5,001-10,000 | ☐50,001-100,000 |
| ☐100-199 | ☐10,001-25,000 | ☐More than 100,000 |
| ☐200-999 | | |

**15. Estimated assets***

***Consolidated for all Debtors.**

| | | |
|---|---|---|
| ☐$0-$50,000 | ☐$1,000,001-$10 million | ☒$500,000,001-$1 billion |
| ☐$50,001-$100,000 | ☐$10,000,001-$50 million | ☐$1,000,000,001-$10 billion |
| ☐$100,001-$500,000 | ☐$50,000,001-$100 million | ☐$10,000,000,001-$50 billion |
| ☐$500,001-$1 million | ☐$100,000,001-$500 million | ☐More than $50 billion |

**16. Estimated liabilities***

***Consolidated for all Debtors.**

| | | |
|---|---|---|
| ☐$0-$50,000 | ☐$1,000,001-$10 million | ☒$500,000,001-$1 billion |
| ☐$50,001-$100,000 | ☐$10,000,001-$50 million | ☐$1,000,000,001-$10 billion |
| ☐$100,001-$500,000 | ☐$50,000,001-$100 million | ☐$10,000,000,001-$50 billion |
| ☐$500,001-$1 million | ☐$100,000,001-$500 million | ☐More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **06/03/2026**
MM/ DD / YYYY

✘ ***/s/ Robert Leasure, Jr.***
Signature of authorized representative of debtor

**Robert Leasure, Jr.**
Printed name

Title **President**

**18. Signature of attorney**

✘ ***/s/ Timothy A. ("Tad") Davidson II***
Signature of attorney for debtor

Date **06/03/2026**
MM/DD/YYYY

**Timothy A. ("Tad") Davidson II**

**Hunton Andrews Kurth LLP**
Firm name

**600 Travis Street, Suite 4200**
Number Street

**Houston** **TX** **77002**
City State ZIP Code

**713-220-4200** **taddavidson@Hunton.com**
Contact phone Email address

**24012503** **TX**
Bar number State

# RIDER 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "***Debtors***") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas. Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion with the Court requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

| Entity Name | Federal Employee Identification Number (EIN) |
|---|---|
| Inotiv LAMS West Inc. | 82-1987130 |
| Inotiv, Inc. | 35-1345024 |
| BAS Evansville, Inc. | 35-1343157 |
| BASi Gaithersburg, LLC | 83-4459967 |
| Bronco Research Services, LLC | 84-3152654 |
| Envigo Bioproducts Inc. | 35-1392644 |
| Envigo Global Services Inc. | 23-1886521 |
| Envigo Holding I, Inc. | 51-0403754 |
| Envigo New Holdco, LLC | 84-1769828 |
| Envigo RMS B.V., Inc. | 35-2008162 |
| Envigo RMS, LLC | 84-1753840 |
| ERPP, Inc. | 22-3612545 |
| Histion, LLC | 20-8892199 |
| Inotiv Boulder, LLC | 86-3109567 |
| Inotiv Nashville, LLC | 88-3198480 |
| Inotiv Research Models, LLC | 87-2716700 |
| Integrated Laboratory Systems, LLC | 56-1453696 |
| Precisium Solutions, LLC | 33-1522043 |
| Seventh Wave Laboratories, LLC | 83-0763138 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Envigo Global Services Inc., | ) | Case No. 26-___________(___) |
| Debtor. | ) | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Equity Interest Holder | Approximate Percentage of Equity Interests Held |
|---|---|
| Envigo RMS, LLC | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Envigo Global Services Inc., | ) | Case No. 26-___________(___) |
| Debtor. | ) | |

**<u>LIST OF EQUITY SECURITY HOLDERS</u>**

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession (the "***Debtor***") respectfully represents that the following is the list of holders of the Debtor's sole class of equity or membership interests:

☐ There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒ The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address of Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| Envigo RMS, LLC<br>8520 Allison Pointe Boulevard Suite 400<br>Indianapolis, IN 46250 | Shares | 100% |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name Envigo Global Services Inc. | |
| United States Bankruptcy Court for the: | **Southern District of Texas** (State) |
| Case number (If known): | |

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets-Real and Personal Property *(Official Form 206A/B)*
- ☐ Schedule D: Creditors Who Have Claims Secured by Property *(Official Form 206D)*
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims *(Official Form 206E/F)*
- ☐ Schedule G: Executory Contracts and Unexpired Leases *(Official Form 206G)*
- ☐ Schedule H: Codebtors *(Official Form 206H)*
- ☐ Summary of Assets and Liabilities for Non-Individuals *(Official Form 206Sum)*
- ☐ Amended Schedule ____
- ☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☒ Other document that requires a declaration **Corporate Ownership Statement and List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **06/03/2026**
MM/ DD/YYYY

☒ ***/s/ Robert Leasure, Jr.***
Signature of individual signing on behalf of debtor

**Robert Leasure, Jr.**
Printed name

**President**
Position or relationship to debtor

***Execution Version***

**INOTIV, INC.**
**BAS EVANSVILLE, INC.**
**BASI GAITHERSBURG, LLC**
**BRONCO RESEARCH SERVICES LLC**
**ENVIGO BIOPRODUCTS, INC.**
**ENVIGO GLOBAL SERVICES INC.**
**ENVIGO HOLDING I, INC.**
**ENVIGO NEW HOLDCO, LLC**
**ENVIGO RMS, LLC**
**ENVIGO RMS B.V., INC.**
**ERPP, INC.**
**HISTION, LLC**
**INOTIV BOULDER, LLC**
**INOTIV LAMS WEST INC.**
**INOTIV NASHVILLE LLC**
**INOTIV RESEARCH MODELS, LLC**
**INTEGRATED LABORATORY SYSTEMS, LLC**
**SEVENTH WAVE LABORATORIES, LLC**
**PRECISIUM SOLUTIONS, LLC**

Omnibus Written Consent
of the Board, Sole Members and Managing Members

June 3, 2026

The undersigned, being (i) all of the members of the board of directors (the "Inotiv Directors") of Inotiv, Inc., an Indiana corporation (the "Inotiv"), (ii) all of the members of the board of directors (each, a "Subsidiary Board of Directors") of each entity listed on Schedule 1 hereto, (iii) the sole member (each, a "Sole Member") of each entity listed on Schedule 2 hereto, or (iv) the managing member (the "Managing Member", together with each Inotiv Directors, Subsidiary Board of Directors and Sole Member referenced in clauses (i), (ii) and (iii) above, collectively the "Governing Bodies", and each, a "Governing Body") of each entity listed on Schedule 3 hereto (each entity listed on Schedule 1, Schedule 2 and Schedule 3 hereto a "Subsidiary Company", and collectively, the "Subsidiary Companies"; and together with the Inotiv, collectively, the "Company"), DO HEREBY ADOPT the resolutions hereinafter set forth as the action of each Governing Body by written consent in lieu of a meeting of the Governing Body of each Company, and DO HEREBY DIRECT that this consent (the "Consent") be filed in the minutes of meetings of the Governing Body for each Company, to be treated for all purposes as actions taken at a meeting.

**WHEREAS:** Each Governing Body has reviewed and considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to them, and the effect of the foregoing on the Company's businesses.

**WHEREAS:** Each Governing Body has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company.

**WHEREAS:** Each Governing Body has determined in an exercise of their business judgment that it is advisable and in the best interest of the Company to undertake the restructuring transactions set forth in that certain plan of reorganization (the "Plan") and the related disclosure statement (the "Disclosure Statement"), substantially in the forms that have been presented to the applicable Governing Bodies, and to take such other actions with respect thereto.

**WHEREAS:** Each Governing Body has determined in an exercise of their business judgment that it is advisable and in the best interest of the Company to undertake the restructuring transactions set forth in that certain restructuring support agreement (the "Restructuring Support Agreement") by and among certain of the Company subsidiaries and certain consenting creditors and shareholders, substantially in the form that has been presented to the applicable Governing Bodies, and to take such other actions with respect thereto.

**WHEREAS:** The Company has negotiated with certain of the prepetition secured lenders party to that certain Credit Agreement, dated November 5, 2021 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "Credit Agreement"), by and among Inotiv, the subsidiary guarantors from time to time party thereto, Acquiom Agency Services LLC, as successor administrative agent and successor collateral agent (the "Prepetition Agent"), and the lenders from time to time party thereto to provide a superpriority secured multi-draw debtor in possession credit facility (the "DIP Credit Facility") to fund the Company's operations in the ordinary course, fund the administration of the Chapter 11 Cases (as defined herein), and pay the claims of certain vendors, employees, and other stakeholders in the ordinary course of business during the Chapter 11 Cases, in each case, in accordance with the terms of the Interim Order and the Final Order (each as defined in the DIP Credit Agreement (as defined below)).

**WHEREAS:** Each Governing Body has been advised of the material terms of the Superpriority Secured Debtor-In-Possession Credit Agreement, to be dated on or around the date hereof, by and among Inotiv (the "DIP Borrower"), the other subsidiary guarantors from time to time party thereto, Acquiom Agency Services LLC, as administrative agent and collateral agent (the "DIP Agent"), and each lender from time to time party thereto (the "DIP Lenders") (with such changes, additions, deletions, amendments, or other modifications thereto as the Authorized Signatory (as defined below) may in its sole and absolute discretion approve (together with all exhibits, schedules, and annexes thereto, the "DIP Credit Agreement")).

**WHEREAS:** Each Governing Body has reviewed and considered presentations by the management and financial and legal advisors of the Company regarding the DIP Credit Facility and DIP Credit Agreement.

**WHEREAS:** The obligation of the DIP Lenders to make the extensions of credit to the Company is subject to, among other things, the Company entering into the DIP Credit Agreement and satisfying certain conditions in the DIP Credit Agreement.

**WHEREAS:** The Company will obtain benefits from the DIP Credit Agreement and it is advisable and in the best interest of the Company and in pursuit of its purposes to enter into the DIP Credit Agreement and the other loan documents entered into in connection therewith and to perform their obligations thereunder, including granting liens, guarantees, and equity pledges, the credit available under the DIP Credit Agreement will directly or indirectly

inure to the benefit of the Company and by virtue of the foregoing, after considering its probable liability on the guarantee, each guarantor under the DIP Credit Agreement is receiving at least reasonably equivalent consideration from the DIP Lenders for its guarantee.

**WHEREAS:** Each Governing Body has had an opportunity to consult with the Company's financial and legal advisors and review the Restructuring Support Agreement, Plan and Disclosure Statement, which collectively outline the restructuring transactions described therein.

**WHEREAS:** The Governing Bodies have determined that it is in the Company's best interest to seek relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") to implement the restructuring transactions as set forth in the Plan.

**WHEREAS:** Each Governing Body hereby takes the following actions and adopts the following resolutions pursuant to the organizational documents of the of the Company, as applicable.

**NOW, THEREFORE, BE IT,**

## THE PLAN, DISCLOSURE STATEMENT, SOLICITATION AND VOLUNTARY PETITION FOR RELIEF UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

**RESOLVED:** In the judgment of each Governing Body, it is desirable and in the best interest of the Company (including a consideration of the Company's creditors and other parties in interest) that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable laws in the United States.

**RESOLVED**: The Inotiv Directors, Subsidiary Board of Directors, or any other duly appointed officer of the Company authorized by a Governing Body to act on behalf of the applicable Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed to (i) execute and file on behalf of the applicable Company all petitions, affidavits, declarations, first day motions, schedules, statements of financial affairs, lists and other motions, applications, pleadings, papers, or documents; (ii) take and perform any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the applicable Company's business; (iii) appear as necessary at all bankruptcy proceedings on behalf of the applicable Company; and (iv) pay all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein.

**RESOLVED:** In the judgment of each Governing Body, it is desirable and in the best interest of the Companies, their stakeholders, their creditors, and other parties in interest that the Companies commence solicitation of the Plan and, in accordance with applicable law and the Bankruptcy Code and the requirements in each Companies' governing documents, hereby consents to, authorizes, and approves, the commencement of solicitation of the Plan.

**RESOLVED:** In the judgment of each Governing Body, it is desirable and in the best interest of the Company (including a consideration of the Company's creditors and other parties in interest) that the Authorized Signatories file or cause to be filed the Plan, the Disclosure Statement, and all other papers or documents (including any amendments) related thereto, and to take any and all actions that the Governing Bodies deem necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan.

**RESOLVED:** Each Authorized Signatory be, and hereby is, authorized, empowered, and directed, together with the financial and legal advisors of the Companies, to file all other documents as each, in the Authorized Signatory's discretion, may deem necessary or desirable to confirm a plan of reorganization materially consistent with the Plan, including, but not limited to, any amendments to, and modifications of, the Plan and the Disclosure Statement.

**RESOLVED:** Each Authorized Signatory be, and hereby is, authorized, empowered, and directed to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate the Plans if confirmed by the Bankruptcy Court.

**RESOLVED**: The actions of any Authorized Signatory taken pursuant to the preceding resolution, including the execution, acknowledgment, delivery, and verification of the petition and all ancillary documents and all other agreements, certificates, instruments, guaranties, notices, and other documents, shall be conclusive evidence of such Authorized Signatory's approval and the necessity or desirability thereof.

## RESTRUCTURING SUPPORT AGREEMENT

**RESOLVED**: The Company shall be, and hereby is, authorized to enter into the Restructuring Support Agreement, with such changes, additions, and modifications thereto as an Authorized Signatory executing the same shall approve, such approval to be conclusively evidenced by an Authorized Signatory's execution and delivery thereof.

**RESOLVED**: The Authorized Signatories be, and hereby are, authorized and empowered to enter into, on behalf of the Company, the Restructuring Support Agreement, and to take any and all actions necessary or advisable to advance the Company's rights and obligations therein, including filing pleadings; and in connection therewith, the Authorized Signatory, with power of delegation, is hereby authorized, empowered and directed to execute the Restructuring Support Agreement on behalf of the Company and to take all necessary actions in furtherance of consummation of such agreement's terms.

## RETENTION OF PROFESSIONALS

**RESOLVED**: The Authorized Signatories be, and hereby are, authorized and directed to employ the law firm of Ropes & Gray LLP as general bankruptcy counsel to represent and assist the Company in carrying out their duties under the Bankruptcy Code, and to take any and all

actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, the of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Ropes & Gray LLP.

**RESOLVED**: The Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Hunton Andrews Kurth LLP, as co-bankruptcy counsel, to represent and assist the Company in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, the of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Hunton Andrews Kurth LLP.

**RESOLVED**: The Authorized Signatories be, and hereby are, authorized and directed to employ the firm of Perella Weinberg Partners, as investment banker to the Company to represent and assist the Company in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to employ or retain the services of Perella Weinberg Partners.

**RESOLVED**: The Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of FTI Consulting, Inc., as financial advisor, to represent and assist the Company in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the of the Authorized Signatories is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of FTI Consulting, Inc.,

**RESOLVED**: The Authorized Signatories be, and they hereby are authorized and directed to employ Kroll Restructuring Administration LLC, as notice, claims, solicitation and balloting agent in connection with the Chapter 11 Cases; and in connection therewith, the of the Authorized Signatories is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Kroll Restructuring Administration LLC.

**RESOLVED**: The Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out their duties under the Bankruptcy Code; and in connection therewith, the of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

**RESOLVED**: The Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals and to take and perform any and all further acts and deeds that the of the Authorized Signatories deem necessary, proper, or desirable in connection with the Company's Chapter 11 Cases, with a view to the successful prosecution of such case.

**DIP FACILITY**

**RESOLVED**: The DIP Credit Agreement (including, without limitation, the borrowings thereunder), the transactions contemplated therein, and the guaranties, liabilities, obligations, and guarantees, liens, pledges and security interests granted in connection therewith, be, and hereby are, authorized, adopted and approved on such terms substantially consistent with those presented to the Governing Bodies on or prior to the date hereof and as may be further approved, modified or amended by any one or more of the Authorized Signatories, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company.

**RESOLVED**: In the judgment of the Governing Bodies, it is desirable and in the best interest of the Company (including a consideration of their creditors and other parties in interest) and in pursuit of its purposes to finalize, execute, and deliver the DIP Credit Agreement, subject to appropriate modifications and final negotiations, and the Company's performance of their obligations thereunder, including granting liens, guarantees, pledges and security interests, the credit available under the DIP Credit Agreement will directly or indirectly inure to the benefit of the Company and by virtue of the foregoing, after considering its probable liability on the guarantee, the Company is receiving at least reasonably equivalent consideration from the DIP Lenders for its guarantee.

**RESOLVED**: The Company's execution and delivery of, and the performance of their obligations in connection with, the DIP Credit Agreement, is hereby, in all respects, authorized and approved; and further resolved, that the of the Authorized Signatories, acting alone or with one or more Authorized Signatories, is hereby authorized, empowered, and directed to negotiate the terms of and to execute, deliver, and perform under the DIP Credit Agreement and any and all other documents, security agreements, guaranty agreements, certificates, instruments, agreements, and intercreditor agreements, any such changes therein, additions, deletions, amendments, or other modifications thereto required to consummate the transactions contemplated by the DIP Credit Agreement in the name and on behalf of the Company, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Signatories may in its sole and absolute discretion approve, which approval shall be conclusively evidenced by his or her execution thereof. Such execution by any of the Authorized Signatories is hereby authorized to be by facsimile, engraved or printed as deemed necessary and preferable.

**RESOLVED**: The Authorized Signatories, acting alone or with one or more Authorized Signatories, be, and hereby are, authorized and directed to seek authorization to enter into the DIP Credit Agreement and to seek approval of the use of cash collateral pursuant to a postpetition financing order in interim and final form with such changes therein, additions, deletions,

amendments, or other modifications thereto as any Authorized Signatory may in its sole and absolute discretion approve, and any Authorized Signatory be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to implement the postpetition financing as well as any additional or further agreements for entry into the DIP Credit Agreement and the use of cash collateral in connection with the Chapter 11 Cases, which agreements may require adequate protection and liens to the DIP Lenders and the other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Signatory approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

**RESOLVED**: That the form, terms, and provisions of the DIP Credit Agreement, pursuant to which (i) the DIP Lenders will extend to the DIP Borrower (1) a new money term loan facility in an initial aggregate principal amount equal to $25 million and (2) a roll-up term loan facility in an initial aggregate principal amount equal to $40 million; and (ii) the guarantors will guarantee the obligations of the DIP Borrower, be and hereby are, authorized, adopted, and approved, and any Authorized Signatory of the Company acting singly is hereby authorized, empowered, and directed, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the of the transactions contemplated by the DIP Credit Agreement, substantially in the form provided to the Governing Bodies, and such other agreements, guarantees, security agreements, certificates, instruments, or other papers or documents to which the Company is or will be a party or any order entered into in connection with the DIP Credit Agreement (collectively with the DIP Credit Agreement, the "Financing Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorized Signatory executing the same shall approve, the execution and delivery thereof to be conclusive evidence that the same has been authorized by the Governing Bodies of the Company.

**RESOLVED**: That in accordance with the terms and conditions of the DIP Credit Agreement and at the times and in the manner therein specified, the Company may borrow from the DIP Lenders such amounts as may be available to it thereunder, such borrowings to have the maturity, to be payable and prepayable and to bear interest at the rates specified in the DIP Credit Agreement and, if requested by the DIP Lenders, to be evidenced by a promissory note; and that each of the Authorized Signatories acting singly, or with one or more other Authorized Signatories is hereby authorized, empowered and directed, in the name of and on behalf of the Company, to cause the Company to make the borrowings contemplated by the DIP Credit Agreement and to execute and deliver the promissory notes, the making of such borrowings and execution and delivery of such promissory notes to be conclusive evidence that the same has been authorized by the Governing Bodies of the Company.

**RESOLVED:** That the form and terms of the Superpriority Security Agreement, to be dated on or around the date hereof, by the Company in favor of the DIP Agent, pursuant to which the Company will grant a security interest in all of its right, title and interest in and to the Collateral (including, without limitation, substantially all of the personal property and assets of the

Company, whether now owned by or owing to, or hereafter acquired by or arising in favor of the Company), furnished to the Governing Bodies of the Company are deemed advisable and in the best interests of the Company and are hereby approved; and that each of the Authorized Signatories acting singly, and without the joinder of any other Authorized Signatory, is hereby authorized, empowered and directed, in the name of and on behalf of the Company, to execute and deliver a superpriority security agreement in substantially the form furnished to the Governing Bodies of the Company, with such changes as such Authorized Signatory so acting in his or her sole discretion may by execution approve (as so executed and delivered, the "Security Agreement"), the execution and delivery of the Security Agreement to be conclusive evidence that the same has been authorized by the Governing Bodies of the Company.

**RESOLVED**: The Company, as a debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "Financing Transactions"), including granting liens, guarantees, and providing equity pledges to secure such obligations.

**RESOLVED:** That the granting by the Company of liens on and security interests in the Collateral to the DIP Agent for the benefit of the Secured Parties (as defined in the DIP Credit Agreement) and the filing and recording of any Uniform Commercial Code financing statements, intellectual property security agreements and/or any other document necessary to perfect each of the security interests contemplated in the Security Agreement are hereby approved; and that each of the Authorized Signatories acting singly is hereby authorized, empowered and directed, in the name of and on behalf of the Company, to execute and deliver any such other perfection documents, agreements, notices, certificates or instruments, including, without limitation, continuation statements, that may be required, necessary, appropriate, desirable or advisable to be executed or delivered pursuant to the DIP Credit Agreement or otherwise related thereto, the making of the representations and warranties and compliance with the covenants thereunder and the assumption of any obligations under and in respect of any of the foregoing.

**RESOLVED:** That the pledge by the Company of the Pledged Collateral (as defined in the Security Agreement) held by it, the transfer of such Pledged Collateral to the DIP Agent or any nominee thereof and any transfer from time to time by the DIP Agent or its nominee to any other person pursuant to the exercise of any rights under the Security Agreement and all steps required of any subsidiaries of the Company to give effect to such pledge and/or transfers, including the issuance of certificates of ownership and the entering of the names of any transferees onto such subsidiaries' equityholder registers, are hereby approved; and that each of the Authorized Signatories is hereby authorized, empowered and directed, in the name of and on behalf of the Company, to execute and deliver any such other transfer documents or instruments.

**RESOLVED**: The Authorized Signatories be, and hereby are, authorized and directed to take such actions as in its discretion is determined to be necessary, desirable, or appropriate to execute, deliver, and file: (i) all schedules, and other motions, papers, or documents, which shall in its sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his/her or their execution thereof; (ii) such other instruments,

certificates, notices, assignments, and documents as may be reasonably requested under the Financing Documents; and (iii) such forms of officer's certificates and compliance certificates as may be required by the Financing Documents.

**RESOLVED**: The Authorized Signatories be, and hereby are, authorized and directed to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in their reasonable business judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions.

**RESOLVED:** That each of the Authorized Signatories acting singly or with one or more other Authorized Signatories is hereby authorized, empowered and directed, from time to time, in the name of and on behalf of the Company, under the seal of the Company, if desired, to execute, acknowledge, deliver and file, or cause to be executed, acknowledged, delivered and filed, any such orders, directions, certificates, instruments, agreements, notices, waivers, consents, amendments, mortgages, deeds of trust, leasehold mortgages, assignments, fixture filings, affidavits, Uniform Commercial Code financing statements, endorsements of securities, memoranda of copyright, patent and trademark security interests and other instruments and documents, and to take or cause to be taken all other actions, executions, deliveries, filings and payments in connection with the Financing Transaction which are referred to in, or contemplated by, the preceding resolutions including the payment of fees and expenses associated with the transactions, as may be shown by such his, her or their execution and performance thereof to be in his, her or their judgment necessary, appropriate or desirable, the taking of such action, executions, deliveries, filings and payments taken or made to be conclusive evidence that the same is authorized by the Governing Bodies of the Company.

**RESOLUTIONS AS SOLE MEMBER OR MANAGING MEMBER**

**RESOLVED:** That, if Inotiv or any Subsidiary Company is the sole member or managing member, as applicable, of any other Subsidiary Company, in its capacity as the sole member or managing member, as applicable, the transactions contemplated by this written consent are hereby authorized and approved; and that each of the Authorized Signatories acting singly is hereby authorized, empowered and directed, on behalf of Inotiv or such Subsidiary Company, as applicable, in its capacity as the sole member or managing member, as applicable, to execute and deliver this written consent, with such changes as the Authorized Signatory so acting may by his or her execution approve, execution and delivery of the foregoing to be conclusive evidence that the same have been authorized and approved by Inotiv or such Subsidiary Company, as applicable, in its capacity as sole member or managing member, as applicable.

## GENERAL AUTHORIZATION

**RESOLVED:** The officers of the Companies shall be, and each of them individually hereby is, authorized for and on behalf of the Companies to do and perform all such acts to effectuate the purpose and intent of the foregoing Written Resolutions and to enter into, execute, and deliver all such certificates, agreements, amendments, acknowledgments, instruments, contracts, statements, and other documents that in their business judgment are necessary or appropriate to effectuate and carry out the purpose and intent of the foregoing Written Resolutions (such determination to be conclusively evidenced by the taking of such action or execution thereof).

**RESOLVED:** That the authority conferred upon each Authorized Signatory by this written consent is in addition to, and shall in no way limit, such other authority as such Authorized Signatory may have with respect to the subject matter of the foregoing resolutions, and that the omission from this written consent of any agreement or other arrangement contemplated by any of the agreements, instruments or documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments or documents described in the foregoing resolutions shall in no manner derogate from the authority of such Authorized Signatory to take all actions necessary, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by and the intents and purposes of the foregoing resolutions.

**RESOLVED**: All actions heretofore taken and all documents heretofore delivered by any director or officer of the Companies in the name or on behalf of the Companies in furtherance of these Written Resolutions are hereby ratified, affirmed, and approved.

**RESOLVED**: This written consent may be executed (by original or facsimile) in counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same written consent.

****

Schedule 1

Part A

BAS Evansville, Inc., an Indiana corporation

Part B

Envigo RMS B.V., Inc, a Delaware corporation
Envigo Global Services Inc., a Pennsylvania corporation
ERPP, Inc., a Delaware corporation
Envigo Bioproducts, Inc., an Indiana corporation
Envigo Holding I, Inc., a Delaware corporation
Inotiv LAMS West Inc., a Texas corporation

Schedule 2

Part A

BASi Gaithersburg, LLC, an Indiana limited liability company
Bronco Research Services LLC, an Indiana limited liability company
Inotiv Boulder, LLC, an Indiana limited liability company
Inotiv Research Models, LLC, an Indiana limited liability company
Inotiv Nashville LLC, an Indiana limited liability company
Integrated Laboratory Systems, LLC, a North Carolina limited liability company
Seventh Wave Laboratories, LLC, an Indiana limited liability company

Part B

Envigo New Holdco, LLC, a Delaware limited liability company

Part C

Envigo RMS, LLC, a Delaware limited liability company
Precisium Solutions, LLC

Schedule 3

Histion, LLC, a Washington limited liability company

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of Inotiv, have executed this Consent as of the date first written above.

Signed by:
Robert W. Leasure, Jr.
B7AEB8AFC850459...

Robert W. Leasure, Jr.

John E. Sagartz

R. Matthew Neff

David Landman

Terry Coelho

Nigel Brown

Michael Harrington

Eugene Davis

John T. Young Jr.

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of Inotiv, have executed this Consent as of the date first written above.

______________________________
Robert W. Leasure, Jr.




John E. Sagartz

______________________________
R. Matthew Neff

______________________________
David Landman

______________________________
Terry Coelho

______________________________
Nigel Brown

______________________________
Michael Harrington

______________________________
Eugene Davis

______________________________
John T. Young Jr.

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of Inotiv, have executed this Consent as of the date first written above.

______________________________
Robert W. Leasure, Jr.

______________________________
John E. Sagartz

Signed by:
R. Matthew Neff
7DF7DCECB45348A...
______________________________
R. Matthew Neff

______________________________
David Landman

______________________________
Terry Coelho

______________________________
Nigel Brown

______________________________
Michael Harrington

______________________________
Eugene Davis

______________________________
John T. Young Jr.

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of Inotiv, have executed this Consent as of the date first written above.

______________________________
Robert W. Leasure, Jr.

______________________________
John E. Sagartz

______________________________
R. Matthew Neff

Signed by:
1ACE5DBEFEFF7478...
______________________________
David Landman

______________________________
Terry Coelho

______________________________
Nigel Brown

______________________________
Michael Harrington

______________________________
Eugene Davis

______________________________
John T. Young Jr.

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of Inotiv, have executed this Consent as of the date first written above.

____________________________
Robert W. Leasure, Jr.

____________________________
John E. Sagartz

____________________________
R. Matthew Neff

____________________________
David Landman




Terry Coelho

____________________________
Nigel Brown

____________________________
Michael Harrington

____________________________
Eugene Davis

____________________________
John T. Young Jr.

[Signature Page to Omnibus Resolutions]

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of Inotiv, have executed this Consent as of the date first written above.

______________________________
Robert W. Leasure, Jr.

______________________________
John E. Sagartz

______________________________
R. Matthew Neff

______________________________
David Landman

______________________________
Terry Coelho

Signed by:
Nigel Brown
BD5A240B13FE413...
______________________________
Nigel Brown

______________________________
Michael Harrington

______________________________
Eugene Davis

______________________________
John T. Young Jr.

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of Inotiv, have executed this Consent as of the date first written above.

_______________________________
Robert W. Leasure, Jr.

_______________________________
John E. Sagartz

_______________________________
R. Matthew Neff

_______________________________
David Landman

_______________________________
Terry Coelho

_______________________________
Nigel Brown

DocuSigned by:
Michael Harrington
DEF16EC23E0545E...
_______________________________
Michael Harrington

_______________________________
Eugene Davis

_______________________________
John T. Young Jr.

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of Inotiv, have executed this Consent as of the date first written above.

______________________________
Robert W. Leasure, Jr.

______________________________
John E. Sagartz

______________________________
R. Matthew Neff

______________________________
David Landman

______________________________
Terry Coelho

______________________________
Nigel Brown

______________________________
Michael Harrington

Signed by:
Eugene Davis
BCF5855466F8413...
______________________________
Eugene Davis

______________________________
John T. Young Jr.

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of Inotiv, have executed this Consent as of the date first written above.

_______________________________
Robert W. Leasure, Jr.

_______________________________
John E. Sagartz

_______________________________
R. Matthew Neff

_______________________________
David Landman

_______________________________
Terry Coelho

_______________________________
Nigel Brown

_______________________________
Michael Harrington

_______________________________
Eugene Davis

Signed by:
CC38691CCD6D478...
_______________________________
John T. Young Jr.

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of each Subsidiary Company listed on Schedule 1 Part A hereto, has executed this Consent as of the date first written above.

Signed by:
Robert W. Leasure, Jr.
B7AEB8AFC850459...

Robert W. Leasure, Jr.

Andrea Castetter

Eugene Davis

John T. Young Jr.

Michael Harrington

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of each Subsidiary Company listed on Schedule 1 Part A hereto, has executed this Consent as of the date first written above.

Robert W. Leasure, Jr.

Signed by:
Andrea Castetter
5ABC6D655ABE45E...

Andrea Castetter

Eugene Davis

John T. Young Jr.

Michael Harrington

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of each Subsidiary Company listed on Schedule 1 Part A hereto, has executed this Consent as of the date first written above.

______________________________
Robert W. Leasure, Jr.

______________________________
Andrea Castetter

Signed by:
Eugene Davis
BCF5855466F8413...
Eugene Davis

______________________________
John T. Young Jr.

______________________________
Michael Harrington

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of each Subsidiary Company listed on Schedule 1 Part A hereto, has executed this Consent as of the date first written above.

______________________________
Robert W. Leasure, Jr.

______________________________
Andrea Castetter

______________________________
Eugene Davis

Signed by:
CC38691CCD6D478...
______________________________
John T. Young Jr.

______________________________
Michael Harrington

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of each Subsidiary Company listed on Schedule 1 Part A hereto, has executed this Consent as of the date first written above.

______________________________
Robert W. Leasure, Jr.

______________________________
Andrea Castetter

______________________________
Eugene Davis

______________________________
John T. Young Jr.




______________________________
Michael Harrington

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of each Subsidiary Company listed on Schedule 1 Part B hereto, has executed this Consent as of the date first written above.

Signed by:
Robert W. Leasure, Jr.
B7AEB8AFC850459...

Robert W. Leasure, Jr.

______________________________
Andrea Castetter

______________________________
Eugene Davis

______________________________
John T. Young Jr.

______________________________
Michael Harrington

______________________________
Beth A. Taylor

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of each Subsidiary Company listed on Schedule 1 Part B hereto, has executed this Consent as of the date first written above.

______________________________
Robert W. Leasure, Jr.

Signed by:
Andrea Castetter
5ABC6D655ABE45E...
______________________________
Andrea Castetter

______________________________
Eugene Davis

______________________________
John T. Young Jr.

______________________________
Michael Harrington

______________________________
Beth A. Taylor

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of each Subsidiary Company listed on Schedule 1 Part B hereto, has executed this Consent as of the date first written above.

______________________________
Robert W. Leasure, Jr.

______________________________
Andrea Castetter

Signed by:
Eugene Davis
BCF5855466F8413...
Eugene Davis

______________________________
John T. Young Jr.

______________________________
Michael Harrington

______________________________
Beth A. Taylor

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of each Subsidiary Company listed on Schedule 1 Part B hereto, has executed this Consent as of the date first written above.

______________________________
Robert W. Leasure, Jr.

______________________________
Andrea Castetter

______________________________
Eugene Davis

Signed by:
CC38691CCD6D478...
______________________________
John T. Young Jr.

______________________________
Michael Harrington

______________________________
Beth A. Taylor

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of each Subsidiary Company listed on Schedule 1 Part B hereto, has executed this Consent as of the date first written above.

____________________________
Robert W. Leasure, Jr.

____________________________
Andrea Castetter

____________________________
Eugene Davis

____________________________
John T. Young Jr.

DocuSigned by:
Michael Harrington
DEF16EC23E0545E...
____________________________
Michael Harrington

____________________________
Beth A. Taylor

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of each Subsidiary Company listed on Schedule 1 Part B hereto, has executed this Consent as of the date first written above.

______________________________
Robert W. Leasure, Jr.

______________________________
Andrea Castetter

______________________________
Eugene Davis

______________________________
John T. Young Jr.

______________________________
Michael Harrington

Signed by:
Beth A. Taylor
72878204EE4B4E2...
Beth A. Taylor

IN WITNESS WHEREOF, the undersigned, being the sole member of each Subsidiary Company listed on Schedule 2 Part A, has executed this Consent as of the date first written above.

**INOTIV, INC.**

By: Signed by: Beth A. Taylor 72878204EE4B4E2...
Name: Beth A. Taylor
Title: Chief Financial Officer and VP-Finance

IN WITNESS WHEREOF, the undersigned, being the sole member of each Subsidiary Company listed on Schedule 2 Part B, has executed this Consent as of the date first written above.

**ENVIGO RMS, LLC**

By: Signed by: Beth A. Taylor 72878204EE4B4E2...
Name: Beth A. Taylor
Title: Chief Financial Officer and VP-Finance

IN WITNESS WHEREOF, the undersigned, being the sole member of each Subsidiary Company listed on Schedule 2 Part C, has executed this Consent as of the date first written above.

**INOTIV RESEARCH MODELS, LLC**

Signed by:

By: Beth A. Taylor

72878204EE4B4E2...

Name: Beth A. Taylor

Title: Chief Financial Officer and VP-Finance

IN WITNESS WHEREOF, the undersigned, being the managing member of each Subsidiary Company listed on Schedule 3, has executed this Consent as of the date first written above.

**BRONCO RESEARCH SERVICES, LLC**

Signed by:

By: Beth A. Taylor
72878204EE4B4E2...

Name: Beth A. Taylor
Title: Chief Financial Officer and VP-Finance

**Fill in this information to identify the case:**

Debtor name Inotiv, Inc., et al.

United States Bankruptcy Court for the: Southern District of Texas

Case number (If known):

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U.S. BANK NATIONAL ASSOCIATION<br>10 W MARKET STREET<br>SUITE 830<br>INDIANAPOLIS, IN 46204 | CONTACT: NAME ON FILE<br>PHONE: 800-872-2657; 651-466-3000<br>EMAIL:<br>INVESTORRELATIONS@USBANK.COM | UNSECURED DEBT | | | | $131,667,000.00 |
| 2 | ORIENT BIO, INC.<br>322, GALMACHI-RO<br>JUNGWON-GU, SEONGNAM-SI, GYEONGGI-DO 13201<br>SOUTH KOREA | CONTACT: NAME ON FILE<br>PHONE: 82-51-305-5856<br>FAX: 82-31-730-6760<br>EMAIL: CSJ@ORIENT.CO.KR | UNSECURED DEBT | | | | $3,235,000.00 |
| 3 | COVINGTON AND BURLING LLP<br>ONE CITY CENTER<br>850 10TH ST NW<br>WASHINGTON, DC 20001 | CONTACT: NAME ON FILE<br>PHONE: 202-662-6000<br>FAX: 202-662-6291<br>EMAIL: COLLECTIONS@COV.COM | PROFESSIONAL SERVICES | | | | $2,731,325.04 |
| 4 | NAME ON FILE<br>ADDRESS ON FILE | NAME ON FILE | TRADE | | | | $927,415.94 |
| 5 | PROSKAUER ROSE LLP<br>ELEVEN TIMES SQUARE<br>NEW YORK, NY 10036 | CONTACT: NAME ON FILE<br>PHONE: 212-969-3000<br>FAX: 212-969-2900<br>EMAIL: EMAIL ADDRESS ON FILE | PROFESSIONAL SERVICES | | | | $837,187.15 |

Debtor Inotiv, Inc., et al.
Name

Case number (*if known*)

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 | NAME ON FILE<br>ADDRESS ON FILE | NAME ON FILE | TRADE | | | | $811,862.41 |
| 7 | NAME ON FILE<br>ADDRESS ON FILE | NAME ON FILE | TRADE | | | | $800,094.27 |
| 8 | NAME ON FILE<br>ADDRESS ON FILE | NAME ON FILE | TRADE | | | | $761,855.52 |
| 9 | MCGUIREWOODS LLP<br>800 E CANAL ST<br>RICHMOND, VA 23219 | CONTACT: NAME ON FILE<br>PHONE: 919-755-6600<br>EMAIL: EMAIL ADDRESS ON FILE | PROFESSIONAL SERVICES | | | | $725,960.40 |
| 10 | NAME ON FILE<br>ADDRESS ON FILE | NAME ON FILE | TRADE | | | | $686,769.03 |
| 11 | NAME ON FILE<br>ADDRESS ON FILE | NAME ON FILE | TRADE | | | | $501,442.17 |
| 12 | NAME ON FILE<br>ADDRESS ON FILE | NAME ON FILE | TRADE | | | | $300,185.63 |
| 13 | GOOGLE LLC<br>1600 AMPHITHEATRE PARKWAY<br>MOUNTAIN VIEW, CA 94043 | CONTACT: NAME ON FILE<br>PHONE: 212-969-3000<br>EMAIL: COLLECTIONS@GOOGLE.COM | OTHER | | | | $300,000.00 |
| 14 | NAME ON FILE<br>ADDRESS ON FILE | NAME ON FILE | TRADE | | | | $285,465.29 |
| 15 | COHEN & MALAD, LLP<br>ONE INDIANA SQUARE<br>SUITE 1400<br>INDIANAPOLIS, IN 46204 | CONTACT: NAME ON FILE<br>PHONE: 317-636-6481<br>EMAIL: EMAIL ADDRESS ON FILE | LITIGATION | C | | | $275,000.00 |

Debtor Inotiv, Inc., et al. Case number (if known)
Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | NAME ON FILE<br>ADDRESS ON FILE | NAME ON FILE | TRADE | | | | $248,758.95 |
| 17 | NAME ON FILE<br>ADDRESS ON FILE | NAME ON FILE | TRADE | | | | $227,907.70 |
| 18 | NAME ON FILE<br>ADDRESS ON FILE | NAME ON FILE | TRADE | | | | $202,267.22 |
| 19 | FAEGRE DRINKER BIDDLE & REATH LLP<br>2200 WELLS FARGO CENTER<br>90 S 7TH ST<br>MINNEAPOLIS, MN 55402 | CONTACT: NAME ON FILE<br>PHONE: 317-237-1366<br>EMAIL:<br>REMITTANCEADVICE@FAEGREDRINKER.COM | PROFESSIONAL SERVICES | | | | $196,452.00 |
| 20 | NAME ON FILE<br>ADDRESS ON FILE | NAME ON FILE | TRADE | | | | $190,094.41 |
| 21 | ASSUREDPARTNERS NL, LLC<br>4500 TOWN CENTER BLVD.<br>SUITE 200<br>JEFFERSONVILLE, IN 47130 | CONTACT: NAME ON FILE<br>PHONE: 270-393-6242<br>EMAIL: EMAIL ADDRESS ON FILE | INSURANCE | | | | $184,311.00 |
| 22 | NAME ON FILE<br>ADDRESS ON FILE | NAME ON FILE | TRADE | | | | $181,548.79 |
| 23 | NAME ON FILE<br>ADDRESS ON FILE | NAME ON FILE | TRADE | | | | $180,499.78 |
| 24 | MICROSOFT CORPORATION<br>ONE MICROSOFT WAY<br>REDMOND, WA 98052 | CONTACT: NAME ON FILE<br>PHONE: 425-882-8080<br>EMAIL: EMAIL ADDRESS ON FILE | PROFESSIONAL SERVICES | | | | $167,725.35 |
| 25 | CORCENTRIC INC<br>100 LAKEVIEW DR<br>SUITE 100<br>CHERRY HILL, NJ 08002 | CONTACT: NAME ON FILE<br>PHONE: 703-790-8740; 856-382-2000<br>EMAIL:<br>ARREMITTANCE@CORCENTRIC.COM | PROFESSIONAL SERVICES | | | | $166,774.56 |

Debtor Inotiv, Inc., et al.
Name

Case number (*if known*)

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26 | NAME ON FILE<br>ADDRESS ON FILE | NAME ON FILE | TRADE | | | | $161,554.36 |
| 27 | NAME ON FILE<br>ADDRESS ON FILE | NAME ON FILE | TRADE | | | | $158,770.48 |
| 28 | SOFTCHOICE CORPORATION<br>16609 COLLECTIONS CENTER DRIVE<br>CHICAGO, IL 60693 | CONTACT: NAME ON FILE<br>PHONE: 416-583-7838<br>EMAIL: TREASURY@SOFTCHOICE.COM | PROFESSIONAL SERVICES | | | | $156,371.71 |
| 29 | NAME ON FILE<br>ADDRESS ON FILE | NAME ON FILE | TRADE | | | | $138,513.45 |
| 30 | NAME ON FILE<br>ADDRESS ON FILE | NAME ON FILE | TRADE | | | | $134,221.54 |